UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 2:24-cv-06080-SSS-E | Date October 30, 2024 |
| Title John Ballard v. United States | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made.

The Report recommends the dismissal of this habeas action without prejudice rather than its transfer to the United States District Court for the Eastern District of North Carolina, where Petitioner currently is incarcerated and has a pending proceeding challenging the legality of his detention. [Dkt. 17]. Petitioner's objections [Dkt. 19] do not warrant a change to the Report's findings or recommendations.

Petitioner objects that he properly filed this Petition in the Central District of California because he was confined in this District when he delivered the Petition to prison officials, shortly before he was transferred to North Carolina. [Dkt. 19 at 1-2]. He also objects that the proceeding in North Carolina is stalled because of a

pending appeal before the United States Court of Appeals for the Fourth Circuit. *Id.* at 2.

Despite these objections, Petitioner does not dispute that he had been moved to a prison facility outside the Central District of California, to either Oklahoma or North Carolina, before the Petition was actually filed in this District on July 17, 2024. [Dkt. 17 at 2]. "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (discussing *Ex parte Endo*, 323 U.S. 283, 304–06 (1944)). Here, however, Petitioner may not rely on this holding. He did not properly file the Petition because he did not name his immediate custodian as the proper Respondent. Thus, the action must be dismissed. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).

The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

**IT IS ORDERED** that: (1) the Report and Recommendation of the United States Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered **DISMISSING** the action **WITHOUT PREJUDICE**.